881 F.2d 1076
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James HENRY, Plaintiff,
Marshall Bryant, Plaintiff-Appellant,
v.
John JABE; Herbert B. Grinage; Fred Goff; Robin Pratt;
Captain Hensely; Ames, Lt.; C. Clark, Sgt.; G. Mohon,
Sgt.; D. Hilliker, Sgt.; G. Garrison, Sgt.; C/O Taylor;
Prelesnik, Deputy, Defendants-Appellees.
 No. 88-2288.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1989.
 
 1
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and HENRY R. WILHOIT, Jr., District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiffs Bryant and Henry filed a civil rights action under 42 U.S.C. Sec. 1983 against several employees of the Michigan Department of Corrections. Plaintiffs claimed that defendants acted to deprive them of various constitutional rights while they were incarcerated at the State Prison of Southern Michigan. The magistrate to whom the case was referred recommended granting summary judgment for defendants. The district court adopted the recommendation, over plaintiffs' objections, and the instant appeal followed. Plaintiff Bryant, the only signatory to the notice of appeal, is the sole appellant. The parties have briefed the issues, Bryant proceeding pro se.
 
 
 4
 Upon consideration, we find that the district court correctly decided the issues on summary judgment. Plaintiff Bryant's eighth amendment claims are completely lacking in legal or factual support. Estelle v. Gamble, 429 U.S. 97, 104-7 (1976); Walker v. Mintzes, 771 F.2d 920, 925-26 (6th Cir.1985). The fourteenth amendment claim, that he was unjustly kept in administrative segregation prior to his transfer to Marquette Branch Prison, is also meritless. The record contains no evidence of this and, in fact, reflects that Bryant's continued segregation was attributable to his request for protection from a legion of hostile fellow prisoners.
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., U.S. District Judge for the Eastern District of Kentucky, sitting by designation